**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHONG SU YI,              *

Plaintiff                 *

v                       *         Civil Action No. PJM-16-1802

WHITE OAK DEPARTMENT OF MOTOR  *
VEHICLE OF MARYLAND
Defendant              *
                       ***

## MEMORANDUM OPINION

The above-captioned Complaint was filed together with a Motion to Proceed in Forma

Pauperis. ECF 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in his case as:

Plaintiff paid 15 dollars in 2015; to renewal of driver license 11.11.05.03; but on
or about 2007, and 2009; visited white oak facility to obtain license; and both
times was refused.
Both times plaintiff had clean driving records in state of Maryland; due to
information stored in NDR by State of Illinois;

ECF 1, p. 2.

Argument of the cases are:
I. Why is the Pleader entitled to relief?
Because vehicle citations are property of person incurred it; via due process of the
law; what is on driver license information is of driver; while physical plastic is
property of the State; which means the information on issued citation; printed are
of State, but rest are of driver; those could not be utilized by State without court's
warrant;
Therefore, State could not transmit to NDR without violating constitution;
Also in preamble life liberty is in preamble; its mandate; and relief could not be
offered because relief is 'deliverance by jury'; and there is no cause for
'deliverance by jury' to occur; which means the laws enabling these are
unconstitutional.
Which means State could not take 15dollars; state should not have been able to
deny petition for new driver license.

*Id.*, p. 3.   As relief he seeks an order to "cease and desist current compact et al including

NDR." *Id.*

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if

it determines that the action is frivolous or fails to state a claim on which relief may be granted.

An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by
> a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to
> examine the complaint using a less stringent standard than for those drafted by
> attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).
> This court must allow the development of a potentially meritorious case, *see*
> *Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and
> must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.
> However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's
> complaint when *in forma pauperis* status has been granted. Pursuant to this
> statute, numerous courts have performed a preliminary screening of non-prisoner
> complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th
> Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a
> nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013)
> (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*).
> Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's
> complaint if it fails to state a claim on which relief may be granted. Although
> pleadings filed by a self-represented plaintiff are to be liberally construed, the
> plaintiff's complaint must contain factual allegations sufficient "to raise a right to
> relief above the speculative level" and that "state a claim to relief that is plausible
> on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D.

Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

_____/s/_____
PETER J. MESSITTE
August 30, 2016                           UNITED STATES DISTRICT JUDGE